NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH E. MEARS,<br><br>                Plaintiff,<br><br>v.<br><br>C/O SMITH AND WARDEN ORTIZ,<br><br>                Defendants. | Civil Action No. 24-6864 (BRM) (JBC)<br><br>OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss filed by Defendants C/O Smith ("Smith") and Warden Ortiz ("Ortiz") ("Defendants") seeking to dismiss Keith E. Mears' ("Plaintiff") claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) Plaintiff filed his reply. (ECF No. 13.) Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion to Dismiss is **GRANTED in part and DENIED in part**.

    **I.**    **BACKGROUND**[1]

On June 7, 2024, Plaintiff's *pro se* Complaint was received by the Court for filing. (ECF No. 1.) The Court initially denied Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2.) On August 29, 2024, the Court granted Plaintiff's renewed application to proceed *in forma pauperis*, screened the Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B), and allowed

---

[1] For the purpose of this Motion to Dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Plaintiff's Eighth Amendment failure to protect claim against Defendant Smith and his supervisory liability claim against Defendant Ortiz to proceed. (*See* ECF No. 4.)

In the Complaint, Plaintiff claims that on May 27, 2022 two inmates entered his cell and said "look the C.O. doesn't want you in his unit" and then they tried to "jump" Plaintiff. (ECF No. 1 at 5–6.) Later that same day, Defendant Smith opened his cell door and allowed six inmates to enter the cell and "jump" Plaintiff until he was unconscious. (*Id.* at 6.) Plaintiff was taken to the hospital, where he remained for a week. (*Id.* at 7.) Plaintiff submits he filed two grievances to Defendant Ortiz, who subsequently told Plaintiff to "leave this problem alone" and offered him $300 dollars. (*Id.*) Plaintiff alleges Defendant Ortiz told Plaintiff, "I'm not doing nothing to C.O. Smith, you and your friend killed his family member what did you think was going to happen to you." (*Id.*)

Defendants filed the Motion to Dismiss the Complaint under Rule 12(b)(6) (ECF No. 12) and Plaintiff replied (ECF No. 13). Defendants argue that Plaintiff's Complaint against them must be dismissed because (1) the supervisory liability claim against Defendant Ortiz fails to state a claim upon which relief can be granted, and (2) the claims are time-barred. (*See generally* ECF No. 12-1.)

## II.     LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombley*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual that content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a "probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-unlawfully-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]— 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The pleadings of *pro se* plaintiffs are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).


Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DECISION

Defendants argue that Plaintiff's supervisory liability claim against Defendant Ortiz fails to state a claim upon which relief can be granted. Defendants also argue Plaintiff's claims are barred by the 2-year statute of limitations. (*See* ECF No. 12-1.)

**A. Whether Plaintiff Fails to State a Claim for Relief**

Defendants contend Plaintiff fails to state a claim for supervisory liability against Defendant Ortiz. Defendants move for dismissal of the supervisory liability claim against Defendant Ortiz, arguing the Complaint fails to allege Ortiz was personally involved in the alleged constitutional violation and he may not be held vicariously liable. (*Id.* at 5-6.)

Personal involvement by the defendant in the alleged constitutional violation is central to a § 1983 claim, and liability cannot rest on a theory of respondeat superior. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Supervisory liability generally requires some affirmative conduct by the supervisor, such as a supervisor's implementation or maintenance of a policy, practice, or custom that caused the plaintiff constitutional harm. *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010). Therefore, there are two potential theories of supervisory liability. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Under the first theory, defendants may be sued as policy makers "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which directly caused [the] constitutional harm.'" *Id.* (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). The second theory of liability provides a supervisor may be

personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his or her subordinates' violations. *See Baker v. Monroe Township*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Plaintiff seeks to hold Defendant Ortiz responsible for Defendant Smith's alleged Eighth Amendment failure to protect constitutional violation. Plaintiff does not assert a claim that Defendant Ortiz is liable based on any policy, practice, or custom at Hudson County Correctional Center. Instead, Plaintiff alleges Defendant Ortiz responded to Plaintiff's grievances, offering Plaintiff money and saying there was nothing else he could do for him. While Plaintiff alleges Defendant Ortiz responded to his grievances, that type of allegation—i.e., a claim that grievances were sent to a warden or other administrator—are generally insufficient to establish supervisory liability, absent a plausible allegation that the supervisor had contemporaneous knowledge of the incident and either directed or acquiesced in it. *See, e.g.*, *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (affirming dismissal of claims against warden and others, based on allegation they had received grievances, and noting that, "[a]lthough some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews"); *Butler v. Penchishen*, No. 22-3252, 2022 WL 4473590, at *4 (E.D. Pa. Sept. 26, 2022) ("To the extent Butler is attempting to connect any of the individual Defendants to these events based on his allegation that he either filed grievances or wrote them letters, such allegations are unclear and, in any event, would not establish the requisite personal involvement to establish liability."). Plaintiff offers no facts to show that Defendant Ortiz had contemporaneous knowledge or participated in Plaintiff's alleged constitutional violation. Accordingly, Defendants' Motion to

Dismiss is **GRANTED** as to Plaintiff's supervisory liability claim against Defendant Ortiz and Plaintiff's claims against Defendant Ortiz are dismissed.

### B. Whether the Statute of Limitations Bars Plaintiff's Claims

Defendants argue that the Complaint must be dismissed because Plaintiff's claims are barred by the two-year statute of limitations on personal injury claims. (ECF No. 12-1 at 4-5.)

There is a two-year statute of limitations for claims brought under § 1983. *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006) ("For section 1983 actions in New Jersey, '[the governing personal injury] statute is N.J.S.A. 2A:14–2, which provides that an action for injury to the person caused by wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action.'") (quoting *Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987)). The limitations period for Plaintiff's claims is therefore two years.

The federal "prisoner mailbox rule" provides that a *pro se* prisoner's submission is generally deemed filed "at the time [the inmate] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in § 1983 action and determining that *pro se* prisoner plaintiff filed complaint on date he signed it). Because Plaintiff was an inmate in state custody when he filed this complaint, he is entitled to the benefit of "[t]he federal 'prisoner mailbox rule.'" *Pabon v. Superintendent S.C.I. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011).

Generally, the statute of limitations is an affirmative defense that must be pleaded and proved by defendants. Under well-settled Third Circuit precedent, however, a defendant may raise the statute of limitations as a defense in a motion to dismiss under Rule 12(b)(6) where the time

6

bar is apparent on the face of the complaint. *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (noting that the so-called "Third Circuit Rule" permits a limitations defense via a Rule 12(b)(6) motion where the time bar is apparent on the face of the complaint).

Here, from the face of the Complaint it appears Plaintiff's claims may be time-barred. Plaintiff's § 1983 claims for failure to protect, would have accrued when Plaintiff was assaulted by fellow inmates on May 27, 2022. Therefore, Plaintiff's civil action must have been filed on or before May 27, 2024.

However, the Court must consider the mailbox rule, and the signature line on Plaintiff's Complaint bears the date October 10, 2023, seven months before the statute of limitations had run on Plaintiff's federal claims. (*See* ECF No. 1 at 8.) It seems unlikely that Plaintiff delivered his Complaint to prison officials for mailing in October 2023 and officials waited seven months to mail the Complaint. However, the Court cannot now resolve factual issues concerning the exact date that Plaintiff handed his complaint to prison officials for mailing. *Richard B. Roush, Inc. Profit Sharing Plan v. New England Mut. Life Ins. Co.*, 311 F.3d 581, 585 (3d Cir. 2002) (noting that "statute of limitations is an affirmative defense" and defendants had burden of establishing its applicability); *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 487 (3d Cir. 1985) ("The statute of limitations is an affirmative defense, and the burden of establishing its applicability to a particular claim rests with the defendant."). Even if Defendants provided prison logs as evidence, the Court cannot consider this evidence at the motion to dismiss stage, which is generally confined to the pleadings. *See Fallon v. Mercy Catholic Med. Ctr. of Southeastern Pa.*, 877 F.3d 487, 493 (3d Cir. 2017) ("We generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record" when evaluating whether dismissal under Rule 12(b)(6) was proper.). Accordingly, the timeliness of Plaintiff's claims cannot be determined

at this early stage in this case. *See Robinson*, 313 F.3d at 135 (finding that, if the limitations bar "is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)").

The Motion to Dismiss on statute of limitations ground is therefore **DENIED without prejudice** to Defendants renewing the argument in a motion for summary judgment if Defendants can produce evidence to show when the Complaint was delivered to prison officials and that Plaintiff is not entitled to any equitable tolling.

## IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss is **GRANTED in part and DENIED in part**. Plaintiff's claims against Defendant Ortiz are dismissed without prejudice. Plaintiff's Eighth Amendment failure to protect claim against Defendant Smith remains. An appropriate order follows.

Date: September 11, 2025

*/s/Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE